

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

June 13, 2017

The Honorable Audrey Louis
District Attorney
81st Judicial District
1327 3rd Street
Floresville, Texas 78114

Opinion No. KP-0153

Re: Whether charitable organizations may conduct raffles that award alcoholic beverages as the prize (RQ-0146-KP)

Dear Ms. Louis:

You ask whether a nonprofit charitable organization qualified to conduct a raffle under the Charitable Raffle Enabling Act (the "Act") may award bottles of donated alcohol as a raffle prize.[1] You describe the scenario forming the context of your inquiry, explaining that "there is no event or premises where the raffle prize . . . would be consumed" but, instead, the winner of the drawing "wins a wagon of liquor which is delivered to them." Request Letter at 1. Noting that section 53.001 of the Alcoholic Beverage Code permits alcoholic beverages to be auctioned for charity if they are consumed off-premises, you state that "[i]f alcohol may be auctioned, it would seem it may also be raffled." *Id.*

The Act authorizes certain qualified entities, including charitable nonprofit organizations, to "conduct a raffle subject to the conditions imposed by" the Act. TEX. OCC. CODE § 2002.051; TEX. CONST. art. III, § 47(a), (d) (authorizing the Legislature to enact the Act). The Act defines a raffle as "the award of one or more prizes by chance at a single occasion among a single pool or group of persons who have paid or promised a thing of value for a ticket that represents a chance to win a prize." TEX. OCC. CODE § 2002.002(6). Moreover, the Act regulates certain aspects of a raffle's operation, including its frequency, use of proceeds, promotion, ticket sales, and prizes.[2] Relevant here, the Act imposes certain restrictions on what an entity may offer as a prize, but nothing in the Act prohibits the prize from consisting of alcoholic beverages. *Cf. id.* § 2002.056(a) (prohibiting money as a raffle prize). Thus, the Act itself does not prohibit a nonprofit organization from awarding bottles of donated alcohol as a raffle prize.

However, analysis under the Act does not end the inquiry. We must also consider whether the Alcoholic Beverage Code (the "Code") prohibits the award of alcohol as a raffle prize. The Code "exclusively" governs "the manufacture, sale, distribution, transportation, and possession of

---

[1] *See* Letter from Honorable Audrey Louis, Dist. Att'y, 81st Jud. Dist., to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (Jan. 17, 2017), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

[2] *See, e.g.,* TEX. OCC. CODE §§ 2002.052 (governing time and frequency), .053 (regulating use of proceeds), .054 (restricting raffle promotion and ticket sales), .055 (specifying ticket disclosures), .056 (restricting prizes).

alcoholic beverages" unless the Code specifically provides otherwise. TEX. ALCO. BEV. CODE § 1.06. The Code requires the Texas Alcoholic Beverage Commission (the "Commission") to "regulate every phase of the business of manufacturing, importing, exporting, transporting, storing, selling, advertising, labeling, and distributing alcoholic beverages, and the possession of alcoholic beverages for the purpose of sale or otherwise." *Id.* § 5.31.

The Commission informs us that it "considers a raffle [for alcohol] a sale of alcohol" because the individual offers consideration in the form of "money . . . used to purchase the ticket for the chance to obtain (in this case) a 'wagon of liquor'" (emphasis omitted).[3] The Code does not define the term "sale." When a statute does not define a term, courts typically use its ordinary meaning. *Sw. Royalties, Inc. v. Hegar*, 500 S.W.3d 400, 405 (Tex. 2016). Courts will often look to dictionary definitions to find the ordinary meaning of an undefined term. *Beeman v. Livingston*, 468 S.W.3d 534, 539 (Tex. 2015). A common understanding of the term "sale" is a "transfer of property or title for a price." BLACK'S LAW DICTIONARY 1537 (10th ed. 2014). In the context you describe, the nonprofit organization sells tickets for a raffle. A participant in a raffle has "paid or promised a thing of value for a ticket that represents a chance to win a prize." TEX. OCC. CODE § 2002.002(6) (defining "raffle"). The organization does not directly sell alcohol to each consumer that purchases a raffle ticket. As this office explained in a different context, a "raffle-ticket sale is completed once the buyer has received title and possession of *the ticket* in exchange for the consideration." Tex. Att'y Gen. Op. No. JC-0480 (2002) at 7 (emphasis added). Thus, a raffle for a prize does not comport with a traditional understanding of a sale.

Because the award of alcohol as a raffle prize under the Act is not a sale, we consider whether it is otherwise subject to regulation under the Code. The Code requires the Commission to regulate "every phase of the business of manufacturing, importing, exporting, transporting, storing, selling, advertising, labeling, and distributing alcoholic beverages, and the possession of alcoholic beverages for the purpose of sale or otherwise." TEX. ALCO. BEV. CODE § 5.31(a). You tell us that "[t]he raffle is to further the building of a shelter for victims of domestic violence." Request Letter at 1. A nonprofit charitable organization conducting a raffle under the Act may use raffle proceeds only "for the charitable purposes of the qualified organization." TEX. OCC. CODE § 2002.053. Based on your information, we assume that the nonprofit charitable organization is not "in the business of" any regulated aspect of the alcoholic beverage industry. Further, the Code does not appear to require the organization to obtain a license or permit if it merely possesses alcohol that is not for the purpose of sale. TEX. ALCO. BEV. CODE §§ 11.01(a)(1)[4] (prohibiting a person "who has not first obtained a permit of the type required for the privilege" to "possess *for the purpose of sale* . . . liquor" (emphasis added)), 61.01 (providing that "[n]o person may . . . possess [beer] *for the purpose of sale* without having first obtained an appropriate license or permit

---

[3]Brief from Emily Helm, Gen. Counsel, Tex. Alco. Bev. Comm'n at 1 (Feb. 10, 2017) (on file with the Op. Comm.) ("Brief").

[4]To the extent section 11.01 restricts the right of Texas residents not otherwise prohibited from possessing alcoholic beverages to order out-of-state wines to be shipped directly to their homes for personal consumption, this provision has been declared unconstitutional. *See Dickerson v. Bailey*, 336 F.3d 388, 409–10 (5th Cir. 2003).

as provided in" the Code (emphasis added)), 1.04(6) (defining "person" to include a "corporation").

Because the award of alcohol as a raffle prize by a nonprofit charitable organization is not prohibited by the Act and is not a sale or otherwise an activity regulated by the Code, a court would likely conclude that current law does not prohibit such a raffle prize.[5]

---

[5]The Legislature recently considered, but did not pass, legislation to regulate the raffle of alcoholic beverages by charitable organizations through the expansion of a temporary permit that currently encompasses certain auctions of alcoholic beverages. *See* Tex. S.B. 1974, 85th Leg., R.S. (2017).

## S U M M A R Y

Because the award of alcohol as a raffle prize by a nonprofit charitable organization is not prohibited by the Charitable Raffle Enabling Act and is not a sale or otherwise an activity regulated by the Alcoholic Beverage Code, a court would likely conclude that current law does not prohibit such a raffle prize.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

BECKY P. CASARES
Assistant Attorney General, Opinion Committee